UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

PALLADIAN PARTNERS, L.P.,

        Plaintiff,

    -against-                       No. 21 Civ. 5958 (CM)

PROVINCE OF BUENOS AIRES,

        Defendant.

———————————————————————x

**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO
DISMISS AND TRANSFERRING THIS CASE TO THE DISTRICT OF COLUMBIA**

McMahon, J.:

    Plaintiff Palladian Partners, L.P. ("Palladian") petitions this Court for recognition and

enforcement of two German court judgments against Defendant Province of Buenos Aires

("Province"). Defendant moves to dismiss this claim on the ground that venue does not lie in

this district.

    Defendant is correct. Venue does not lie in the Southern District of New York. Plaintiff

has not demonstrated that a substantial amount of property subject to this action is situated in this

district, *Commissions Imp. Exp. S.A. v. Republic of the Congo*, No. 11 CIV. 6176 JFK, 2012 WL

1468486, at *4 (S.D.N.Y. Apr. 27, 2012), and there is no evidence that the Defendant waived

any objection to venue for an enforcement action brought in this district.

    However, as both parties agree that venue lies in the District of Columbia, the better

course of action is to DENY Defendant's motion to dismiss and TRANSFER this lawsuit to the

District of Columbia, where it can be adjudicated.

# I.    BACKGROUND

Plaintiff is a limited partnership organized under the laws of the Cayman Islands.  (Compl. at ¶ 4).  Defendant is a political subdivision of the Republic of Argentina (the "Republic"), a "foreign state" as defined in 28 U.S.C. § 1603(a).  (*Id.* at ¶ 5).

## A.  Issuing the Bonds

Between May 1999 and April 2000, Defendant issued three sets of euro-denominated bonds ("Bonds"), under German law, held in custody by German stock exchange operator, Deutsche Börse Clearing AG (now known as Clearstream Banking S.A., Frankfurt am Main).  (*Id.* at ¶ 10).  Plaintiff is the holder of an approximately €2.7 million beneficial interest in the Bonds.  (*Id.* at ¶¶ 4, 11).

When the Bonds were made available to purchase, various bond documents and offering circulars ("Bond Documents") described the terms and conditions of the Bonds.  (Compl. Exs. 1–3). The Documents noted that the Province would pay the accrued interest on, and principal of, the Bonds with tax revenue either collected by the Province or given to the Province by the Republic. (Compl. Ex. 1, 11). The Documents also explained that the Province holds its cash assets in deposit accounts with *Banco de la Provincia de Buenos Aires* ("Banco Provincia"), a bank wholly owned by, and headquartered in, Buenos Aires. (Compl. Ex. 1; 11, 31)

The Bond Documents said that a failure to make any payment on a bond's principal or interest for 30 days would be an event of default. (Compl. at ¶ 12). A declaration by the Republic of a moratorium on the payment of external debt would also be an event of default. (*Id.*)

The Bond Documents stated that if a default occurred, a holder of the Bonds would be empowered to order the principal and interest of the bonds due and payable immediately. (*Id.* at ¶ 13).

**B. Bond Default**

Due to a significant national financial crisis, the Republic declared a moratorium on the payment of external debt on or about December 31, 2001. (Compl. Ex. 5, 22). Since December 2001, the Defendant has not paid any principal or interest on the Bonds. (Compl. at ¶ 14). As a result of its continuing non-payment, the Defendant defaulted on its Bond obligations. (*Id.* at ¶ 10).

On February 16, 2017, the Plaintiff made a final request for settlement of the outstanding payment of all principal and accrued interest by February 24, 2017. (Compl. Ex. 5, 22). After the Defendant failed to pay, Plaintiff filed a complaint in the 10th Civil Division of the German Regional Court of Frankfurt am Main (Landgericht Frankfurt am Main) ("German Court") on February 27, 2017, seeking payment and a judgment against the Defendant. (Compl. ¶¶ 1, 16). The German Court issued a judgment in favor of the Plaintiff on December 18, 2017, which became final on February 23, 2018. (*Id.* at ¶ 17). On April 4, 2018, the German Court issued an additional final judgment awarding costs and legal fees to the Plaintiff. (*Id.*)

The judgments have not been paid.

**C. Procedural History**

On July 12, 2021, Palladian filed its petition in this District for recognition and enforcement of these foreign judgments under the New York Uniform Foreign Country Money Judgments Recognition Act (as amended), N.Y. C.P.L.R. §§ 5301-5309 ("NY Recognition Act"). (*Id.* at ¶ 1). On July 30, 2021, pursuant to the Hague Service Convention, Plaintiff initiated service by mailing the Complaint, Pre-trial Scheduling Order, and Hague service request form to the Argentine Central Authority. (Letter, Dkt. No. 8).

When the Defendant failed to appear, this Court ordered a stay of proceedings until the Plaintiff could provide proof of service. (Order, Dkt. No. 11). On February 15, 2022, the Defendant stipulated to acceptance of service. (Stipulation, Dkt. No. 12).

On March 17, 2022, the Defendant moved to dismiss the complaint on the sole ground that venue is improper. (Def. Mot. to Dismiss, Dkt. No. 16).

Plaintiff opposes dismissal and contends that venue is proper under 28 U.S.C. 1391(f)(1), because this is a civil action against a foreign state in a "judicial district in which . . . a substantial part of property that is the subject of the action is situated." (Pl. Opp'n Mot. 7, Dkt. No. 20). Plaintiff alleges that the Defendant has assets in the State of New York, (Compl. at ¶ 8), and the Defendant has not disputed that it has assets in New York. (Pl. Opp'n Mot. 7).[1]  The Plaintiff also claims that Defendant previously agreed to waive objections to venue in the Bond Documents. (Pl. Opp'n Mot. 8).

In the alternative to dismissal, Plaintiff asks this Court to transfer the case to the United States District Court for the District of Columbia. (*Id.* at 12.)  In its responsive brief, Defendant also requests that, should its motion to dismiss be denied, the case be transferred to the District of Columbia. (Def. Reply 11, Dkt. No. 21).

---

[1] In the jurisdictional claim of its complaint, as well as the background and argument of its memorandum in opposition to Defendant's motion to dismiss, Plaintiff repeatedly states that the Defendant has "assets located in the State of New York," (Compl. at ¶ 8; Pl. Opp'n Mem. 6, 7). Only once, in its preliminary statement to its memorandum in opposition, does the Plaintiff mention that "Defendant is believed to have assets in this District." Opp'n Mem. 4.  However, Plaintiff appears to believe that the State of New York and Southern District of New York are interchangeable terms for this jurisdiction, stating in a footnote that it *had* alleged the Defendant has assets that exist in this district. *Id.* at 7 n.4.

**D. The Alleged Waiver**

As a part of the original offering of the Bonds, the Bond Documents specify that the Defendant waives any claims of sovereign immunity from suit with respect to the Bonds, pursuant to an exception to U.S. Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(1) ("FSIA"). (Compl. ¶ 7).  The Bond Documents then continue with the following forum selection/waiver of defenses provision:

> Any suit, action or other legal proceedings ("Proceedings") arising out of or in connection with the Notes may be brought in the District Court (Landgericht), Frankfurt am Main, Federal Republic of Germany. Holders of the Notes, however, are also entitled to pursue their claims under the Notes before any other court of competent jurisdiction, including the Supreme Court of Justice of Argentina. The Issuer hereby irrevocably submits to the jurisdiction of the District Court, Frankfurt am Main, Federal Republic of Germany and waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of such Proceedings and any present or future objection to such Proceedings whether on grounds of venue, residence or domicile. The Issuer agrees that a final judgment in any such Proceedings in the courts mentioned above shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or any other matter provided by law.

(2004 Bond Offering Circular, Compl. Ex. 1, § 16.04 at 28; April 2005 Bond Offering Circular, Compl. Ex. 2, § 15.05 at 33, February 2005 Bond Offering Circular, Compl. Ex. 3 § 15.05 at 34; 2006 Bond Offering, Compl. Ex. 4, § 14.04 at 26).[2]

Plaintiff alleges that Defendant waived any objection to venue in this clause, because holders of the Bonds were empowered to pursue their "claims under the Notes" before "any court

---

[2] All four Bond Offering Circulars contain identical language. The 2006 Bond Offering Circular has a single superficial difference, referring to the location of the Frankfurt court as "Germany", instead of the "Federal Republic of Germany".

of competent jurisdiction." (Pl. Opp'n Mem. 8–9).   Plaintiff then quotes, "[Defendant] hereby irrevocably . . . waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of such Proceedings and any present or future objections *to such Proceedings* whether on grounds of venue, residence or domicile." (*Id.*) (Emphasis added). Plaintiff argues that an enforcement proceeding like this one is encompassed in the term "such Proceedings" as used in the sentence waiving venue. (*Id.*)

Defendant disagrees that an enforcement action like this one qualifies as action on the Bondholders' "claims under the Notes," (Def. Reply 8), and also urges that an enforcement proceeding cannot possibly be a "Proceedings" within the meaning of this clause, because in the last sentence of this paragraph, the Issuer agrees that "a final judgment *in any such Proceedings in the courts mentioned above* . . . may be enforced in other jurisdictions by suit on the judgment . . . ." – in other words, by a lawsuit like this one. (Def. Reply 9–10) (Emphasis added).

## II.   DISCUSSION

### A. Standard for Proper Venue

The plaintiff bears the burden of establishing that it has chosen the proper venue. *Anonymous v. Kaye*, 104 F.3d 355 (2d Cir. 1996). "In deciding a motion to dismiss for improper venue, the court may examine facts outside the complaint to determine whether venue is proper. The Court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004) (cleaned up).

"If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a *prima facie* showing of venue." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).

**B. Plaintiff Has Not Shown that Venue Lies Under the Federal Venue Statute**

Plaintiff argues that venue lies in this district pursuant to the second prong of 28 U.S.C. §

1391(f)(1), as a "judicial district in which . . . a substantial part of property that is subject to the

action is situated."

The second prong of Section 1391(f)(1) of the Federal Venue Statute, "governs venue in

*in rem* actions concerning a specific and identifiable piece of property." *See Commissions Imp.*

*Exp. S.A. v. Republic of the Congo*, No. 11 CIV. 6176 JFK, 2012 WL 1468486, at *2 (S.D.N.Y.

Apr. 27, 2012); *Asemani v. Islamic Republic of Iran*, No. 18-CV-00368-CRB (PR), 2018 WL

3036654, at *2 (N.D. Cal. June 18, 2018). Venue will lie for claims to "adjudicate title, obtain

possession of particular property, or vindicate interests in real property" that exist in the district.

*Detroit Int'l Bridge Co. v. Gov't of Canada*, 787 F. Supp. 2d 47, 50 (D.D.C. 2011).

A plaintiff may not assert venue pursuant to the property prong based on the presence of

an asset unrelated to the action in the district. *Commissions*, 2012 WL 1468486, at *2. For

example, "[t]he presence of a corporate headquarters alone in the judicial district does not render

venue in that district proper." *Tifa Ltd. v. Republic of Ghana*, 692 F. Supp. 393, 405 (D.N.J.

1988) (citing *Falcoal Inc. v. Turkiye Komur Isletmeleri Kurumu*, 660 F.Supp. 1536

(S.D.Tex.1987)). The alleged asset must be the asset that forms the basis of the Plaintiff's claim.

*Commissions*, 2012 WL 1468486, at *3.

A plaintiff must also allege sufficient facts that any property subject to the action actually

exists in the judicial district and its presence is not "purely speculative." *Id.* at *3–4.

The Defendant argues, citing *Commissions*, that the Plaintiff has not met its burden of

showing that venue lies in this district. It contends that the Plaintiff has not sufficiently alleged

that the Defendant has assets in this judicial district nor that such property is a substantial part of the property subject to the action. (Def. Mot. to Dismiss 8).

      I agree.

      In *Commissions*, the defendants, Congo and its instrumentality, Caisse Congolaise D'Amortissment, issued a series of promissory notes to plaintiff, a Congolese company, and failed to repay them. *Id.* at *1. Plaintiff sought and received an arbitral award in the International Court of Arbitration and, after defendants failed to pay the arbitral award, won an action for nonpayment in the High Court of Justice in London. *Id.* After defendants failed to pay the English judgment, plaintiff brought an action in the Southern District of New York, seeking recognition and enforcement of the English judgment pursuant to the FSIA and NY Recognition Act. *Id.* Defendants moved to dismiss for improper venue and plaintiff argued, among other points, that venue lied pursuant to the property prong of Section 1391(f)(1), as a judicial district where "a substantial part of property that is subject to the action is situated." *Id.* at *2. The plaintiff alleged that the defendants (1) owed money in the Southern District of New York, (2) used a bank located in the District to service interest payments on bonds unrelated to the promissory notes, and (3) maintained the principal deposits of the unrelated bonds in the District. *Id.*

      The plaintiff argued that because the recognition action was seeking an "adjudication of the rightful ownership of Congolese property, [] any Congolese property in [the] District [was] the subject of the lawsuit." *Id.* The court rejected this interpretation of Section 1391(f)(1), noting that such an interpretation would ignore the crucial modifying phrase "the subject of the action." *Id.* The court concluded that both the text and relevant caselaw supported the more reasonable interpretation that the property prong "governs venue in *in rem* actions concerning a specific and

identifiable piece of property." *Id.* at *2–3. Since the unrelated bond debt was not the asset that formed the basis of the plaintiff's *original claim*, the plaintiff had not alleged that any property subject to the action existed in the district. *Id.* at *3.

The court went on to explain that, even if such bond debt could be considered "subject to the action," the plaintiff had not alleged sufficient facts that such assets existed in the district. *Id.* The only fact in support that the plaintiff could provide was a statement in an informational memorandum on the unrelated bonds, saying that any unclaimed payments on the bond debt would become the property of the Congo. *Id.* at *3-4. The court rightly noted that the plaintiff could not assert venue based on the "purely speculative" existence of future reclaimed debt payments. *Id.* at *4. As a result, the court held that venue did not lie pursuant to the property prong of Section 1391(f)(1).

Plaintiff has not met its burden to make a prima facie showing that a substantial part of property that is subject to this action is present in this judicial district.

Plaintiff neither alleges nor shows that the any of the Defendant's alleged assets actually exist in this judicial district. It merely asserts that the Defendant has assets "in New York" and "is believed" to have assets in "this district." There are four federal judicial districts in the State of New York, so alleging that the Plaintiff has assets in "New York" is insufficient to show that the property lies in the Southern District. Moreover, pleading on information and belief that the Plaintiff has assets in this judicial district simply does not satisfy Defendant's burden to plead sufficient facts that assets belonging to the Province of Buenos Aires are present in at least one of the eight counties that comprise the Southern District of New York. *Id.* at *3–4. The plaintiff's bare assertion that assets are "believed" to exist in the district makes clear that their existence is "purely speculative." *Id.* at *4.

Because Plaintiff fails to plead or to aver sufficient facts in its affidavit that Defendant has any assets in the Southern District of New York, it is not necessary to go further – it has failed to satisfy its minimal burden to demonstrate venue.

However, assuming arguendo, that the Plaintiff alleged sufficient facts that the Defendant has assets that exist in this district, the Plaintiff has not alleged that the assets here present are a substantial part of the property subject to the original action. It cannot assert venue pursuant to the property prong of Section 1391(f)(1).

Plaintiff claims that because this action merely seeks recognition and enforcement of the German judgments – not adjudication of the default (a matter already decided by the German court) – it can assert venue as long as Defendant has assets in the district that could be attached to satisfy the money judgment entered by the German court. (Pl. Opp'n Mem. 7).

As discussed above, the court in *Commissions* specifically rejected this interpretation of the property prong of Section 1391(f)(1) as "legally and factually untenable." *Commissions*, 2012 WL 1468486, at *2. This interpretation would "confer venue anywhere *any* asset of [the] defendant, even a fungible asset such as cash, is located." *Id.* The requirement that the asserted assets are "subject to this action" is a clear legislative limitation to restrict the use of the venue provision to *in rem* actions over a "specific and identifiable piece of property". *Id.* As a result, to assert the property prong in a recognition case, a plaintiff must allege that a substantial part of the property that formed the basis of the original claim exists in this district. *Id.* at *3.

This action seeks enforcement of the German final judgments. The original German actions were brought to adjudicate the Plaintiff's right to the Bonds' unpaid principal and accrued interest. The Bond Documents say that the Province would repay the Bonds' principal and accrued interest from the Province's tax revenue. The only assets that could be considered

the subject of the original action are the unpaid principal and accrued interest of the Bonds. As a result, to assert venue pursuant to the property prong, the Plaintiff would need to allege that this district contains a substantial part of the property that would satisfy the repayment of the principal and accrued interest – either the original deposits or Province tax revenue.

Unfortunately for the Plaintiff, it alleges no facts that either of these assets is present in this district.[3] Even drawing all inferences in favor of the Plaintiff, it has not alleged that the assets subject to the action, the principal deposits or unpaid tax revenue, exist in *this district*. It cannot assert venue pursuant to the property prong of Section 1391(f)(1).

The Plaintiff may believe that this interpretation of the property prong is unreasonably restrictive, that it limits the prong's usage to a narrow set of claims. That is true, it does limit its usage. A party cannot, for example, assert venue pursuant to the property prong for claims alleging violations of treaties, statutes or contracts, because such claims do not seek an adjudication of the parties' interests in property present in the judicial district. *Detroit International Bridge Company v. Government of Canada*, 787 F.Supp.2d 47, 50–51 (D.D.C. 2011). However, such an interpretation does not deny litigants a forum. There are a number of other bases for venue available in Section 1391(f). Parties may also set venue by agreement. And the District of Columbia remains an always available forum. While narrow, this interpretation is in keeping with the text and purpose of Section 1391(f)(1).

---

[3] In fact, the Bond documents suggest that these assets, if they exist, are located in Buenos Aires in the Province's bank, Banco Provincia, with the rest of the Province's cash assets.

### C. Defendant Has Not Waived Its Objection to Venue

Plaintiff also alleges that venue is proper in this District based on "party agreement," pursuant to the Bond Documents. Palladian alleges that the Province has waived its right to object to venue.

Plaintiff is wrong.

A defendant may waive objections to venue. However, whether the Defendant actually did so is a matter of contract interpretation. *Capital Ventures Int'l v. Republic of Argentina*, 552 F.3d 289 (2d Cir. 2009).[4]

Plaintiff claims that the Defendant explicitly waived its right to objection to venue in any action relating to the Bond documents. It argues that the Bondholders were authorized to "pursue their claims under the Notes" in "any court of competent jurisdiction," and that "[Defendant] hereby irrevocably . . . waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of such Proceedings and any present or future objections to such Proceedings whether on grounds of venue, residence or domicile."

This argument is fatally flawed. While it is true that the first sentence of the paragraph broadly defines the word "Proceedings" as "any suit, action or other legal proceedings arising out of or in connection with the Notes," the rest of the language of this paragraph makes it plain that "Proceedings" refers specifically to actions "under the Notes" – i.e., a lawsuit to enforce the terms of bond contract, such as the one brought by Palladian in Frankfurt am Main.

---

[4] I note that the Bond Documents are governed by German law, and no party has offered proof of German law, as required by Fed. R. Civ. P. 44.1. However, the court can read the language of the Bond Documents, and that is sufficient to resolve the question before me. Moreover, there is absolutely no reason to prolong this case by demanding that the parties go to the time and expense of proving German contract law, when the solution chosen by this court – transfer to Washington, D.C., where all parties agree that venue is proper – will lead to the quickest result with the least fuss.

Actions to enforce judgments entered in "such Proceedings" are covered by the last sentence of the paragraph, which indicates that such judgments "may be enforced in other jurisdictions by suit on the judgment or any other manner provided by law." The instant action is a "suit on the judgment;" it is not a proceeding under the Notes. It thus does not fall within the scope of the waiver of venue clause.

The clause on which Plaintiff predicates venue does indeed broadly define the term "Proceedings" as "Any suit, action or other legal proceedings arising out of or in connection with the Notes." Issuer consents to jurisdiction over such "Proceedings" in one specific court – the District Court (Landgericht), Frankfurt am Main, Federal Republic of Germany" – and also agrees that Holders of Notes may bring their "claims under the Notes" in the Supreme Court of Argentina or in any other court that has jurisdiction and due legal authority to deal with the subject matter of an action (a "court of competent jurisdiction"). The term "claims under the Notes" is not as broad as "any suit, action or other legal proceedings arising out of or in connection with the Notes" – a fact that becomes clear when one reaches the last sentence of this paragraph, as will be seen below.

The waiver of objections to jurisdiction is found in the third sentence of this paragraph. It reads as follows:

> The Issuer hereby irrevocably submits to the jurisdiction of the District Court, Frankfurt am Main, Federal Republic of Germany and waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance *of such Proceedings* and any present or future objection *to such Proceedings* whether on grounds of venue, residence or domicile.

(Emphasis added).

One natural and logical reading of this sentence is that the Issuer waives its right to object to venue in "such Proceedings" if they are conducted in Frankfurt am Main – the one and only

court to whose jurisdiction the Issuer "irrevocably submits." This court believes that this is the most natural and logical reading of the clause, placed in the context of the sentence in which it appears.

Alternatively, the sentence could be read more broadly, to waive venue as a defense in any court where "such Proceedings" are actually conducted, whether that court be in the District Court in Frankfurt, the Supreme Court of Argentina, or some other "any court of competent jurisdiction" where a claim under the Notes is brought. That the term "such Proceedings" is limited to (1) actions relating to the Notes that are brought in Frankfurt; or (2) actions asserting "claims under the Notes" that are brought elsewhere is clear from the next and last sentence, which provides that "a final judgment" entered in "any such Proceedings in the courts mentioned above" may be enforced anywhere in the world by a suit on the judgment – which is exactly what Palladian has done here.

But there is no logical way to read the waiver of objections to venue as extending to actions brought to enforce a judgment entered in "such Proceedings." In fact, any effort to make the term "such Proceedings" as used in the last sentence of this paragraph relate to the enforcement actions themselves renders the last sentence nonsensical, because that sentence specifically states that the "Proceedings" referenced therein are the Proceedings that were held "in the courts mentioned above" – i.e., the court (whatever it was) in which an enforceable judgment under the Notes was entered. Assuming arguendo that the Southern District of New York would have been a court of competent jurisdiction to entertain a suit asserting a "claim under the Notes,"[5] no such Proceeding was brought here. The only suit that has been brought

_____

[5] No such showing has been made. And while 28 U.S.C. § 1330 confers subject matter jurisdiction on district courts in non-jury civil against foreign states and their political subdivisions (like the Province of Buenos Aires), we still run up against the same problems with

here is this lawsuit, which asserts a claim under the German judgment – not a claim under the Notes themselves.

The action before this court is an action on the judgment – not one asserting "a claim under the Notes," which action was brought in Frankfurt. Therefore, the waiver of objections to venue found in the third sentence of this paragraph does not apply. Rather, the usual rules applicable to such actions – including rules relating to venue – apply to suits to enforce the German judgment.

Plaintiff's argument that interpreting the clause in the manner I have just done renders the final sentence of the paragraph superfluous is, obviously, wrong. The last sentence allows Palladian to go to any court it can find where the Province of Buenos Aires is subject to jurisdiction and where venue lies in order to enforce the Judgment obtained in "such Proceedings." It is interpreting "such Proceedings" to encompass the enforcement action itself that renders the last sentence of the relevant clause, not superfluous, but nonsensical.

In short, Defendant did waive objections to venue, but only in connection with actions brought in Frankfurt – or, possibly, in connection with underlying actions on the Notes wherever brought. It did not waive venue objections in connection with any subsequent enforcement proceedings.

### D. Transfer of venue

Under 28 U.S.C. § 1406(a), where a case is filed in an improper district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or

---

venue that are the subject of this motion to dismiss. Fortunately, there is no need to decide whether a court that lacks venue over an action qualifies as a "court of competent jurisdiction" for purposes of an action asserting a "claim under the Notes," since this is not such an action.

division in which it could have been brought." "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Luxexpress 2016 Corp. v. Gov't of Ukraine*, No. 15-CV-4880 (VSB), 2018 WL 1626143, at *6 (S.D.N.Y. Mar. 30, 2018) (citations omitted); *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005).

When deciding whether to dismiss or transfer a case, a district court should consider "the ultimate goal of the 'expeditious and orderly adjudication of cases and controversies on their merits'" *Commissions Imp. Exp. S.A. v. Republic of the Congo*, No. 11 CIV. 6176 JFK, 2012 WL 1468486, at *5 (S.D.N.Y. Apr. 27, 2012) (citations omitted).

Both parties agree that this action can be maintained in Washington, D.C. 28 U.S.C. § 1330 confers jurisdiction on all district courts for any nonjury civil action against a foreign state. The federal venue statute allows any civil action against a foreign state or political subdivision thereof to be brought in the U.S. District Court for the District of Columbia. 28 U.S.C. § 1391(f)(4). The plaintiff has pursued its claim diligently for multiple years and the parties agree that venue would be proper in the United States District Court for the District of Columbia. This action need not be further delayed; the interest of justice is best served by transferring this case to the U.S. District Court for the District of Columbia.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion to dismiss is DENIED. The Clerk of the Court is directed to transfer this case to the U.S. District Court for the District of Columbia.

Dated: November 2, 2022

_____
U.S.D.J.

TO ALL PARTIES BY ECF